JUSTICE NELSON
dissents.
¶37 I join Justice Cotter’s dissenting Opinion. I respectfully suggest that Justice Leaphart’s concurrence misses the mark.
¶38 In each of the examples Justice Leaphart uses to support his *18 argument that punitive sanctions do not undo the non-punitive regulatory scheme-i.e., drivers’ licensing and occupational licensing-the penalty statutes specifically make a violation of the regulatory scheme a criminal offense and, typically, provide for imprisonment and a fine.[1] These statutes specifically provide that a violation of the regulatory scheme is a misdemeanor or offense and is or shall be punishable by way of a specified fine and imprisonment. See the various statues listed in footnote 1.
¶39 While the courts do not seem to pay much attention to the actual language of the penalty section of the Sexual or Violent Offender Registration Act (the Act), that section provides as follows:
Penalty. A sexual or violent offender who knowingly fails to register, verify registration, or keep registration current under this part may be sentenced to a term of imprisonment of not more than 5 years or may be fined not more than $10,000, or both. [Emphasis added.]
Section 46-23-507, MCA. From the plain and unambiguous language of this section, two points are evident. First, the penalty section does not state that a violation of the Act is a criminal offense-contrary to the examples used by Justice Leaphart. Second, and again contrary to Justice Leaphart’s examples, punishment for failing to register, verify or keep current is purely discretionary with the trial court. Section 46-23-507, MCA, does not require that a person violating the Act be punished in any way whatsoever. The Legislature’s use of the word may in granting the court sentencing authority is not a mandatory *19 directive. See Matter of Investigative Records (1994), 265 Mont. 379, 381-82, 877 P.2d 470, 471 (“The word ‘may’ is commonly understood to be permissive or discretionary. In contrast, ‘shall’ is understood to be compelling or mandatory.”) (internal citations omitted). On a defendant’s failure to register, verify or keep current, the trial judge may impose a penalty ranging from no penalty up to imprisonment for five years or up to a $10,000.00 fine or both.
¶40 This sort of discretionary penalty provision is in keeping with the non-punitive, regulatory scheme which we discussed at length in State v. Mount, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, and which Justice Cotter has, once again, explained in her dissenting Opinion. The Act is non-punitive and regulatory, and its unique penalty section furthers the Legislature’s intent that the Act’s purpose is for gathering and disseminating[2] information about sexual and violent offenders-not for creating a separate criminal offense to punish persons for failing to register.
¶41 That takes us to the persistent felony offender statutes, Title 46, Chapter 18, Part 5, Montana Code Annotated. A “persistent felony offender” is an offender who has previously been convicted of a felony and who is “presently being sentenced for a second felony committed on a different occasion than the first.” Section 46-18-501, MCA. According to the majority, the second felony is Wardell’s failure to register under the Act. The fallacy of this argument is that a failure to register under the Act is not designated as a felony, as a misdemeanor, *20 or, in fact, as any criminal offense whatsoever. While the penalty section of the Act allows the trial judge to discretionarity impose a sanction, this section not only does not require that any sanction be imposed, nor does it specify that the allowable sanction is punishment for a criminal offense.[3]
¶42 Justice Leaphart’s analogies actually prove the dissent. Non-punitive regulatory schemes may impose criminal sanctions, but, as demonstrated by the concurrence, those that do specifically state that a violation of the regulatory scheme is a criminal offense, and they impose a non-discretionary fine or term of imprisonment.
¶43 The Act does neither because it is a civil, regulatory scheme. A violation of the Act is not a felony offense which can be used under the persistent felony offender statute for sentence enhancement purposes.
¶44 With this additional explanation, I join Justice Cotter’s dissent.

 See §§ 61-5-307 (drivers license); 37-3-325 (practice of medicine); 37-4-326 and 327 (practice of dentistry); 37-6-312 (practice of podiatry); 37-7-323 (practice of pharmacy); 37-8-443 (practice of nursing); 37-9-312 (nursing home administrators); 37-10-313 (practice of optometry); 37-11-322 (practice of physical therapy); 37-12-324 (practice of chiropractic); 37-13-316 (practice of acupuncture); 37-14-323 (radiologic technologists); 37-15-322 (speech-language pathologists and audiologists); 37-16-413 (hearing aid dispensers); 37-17-312 (psychologists); 37-18-501 (practice of veterinary medicine); 37-19-501 (morticians and funeral directors); 37-19-831 (those who perpetually maintain cemeteries); 37-21-406 (dietitians); 37-22-411 (social workers); 37-23-311 (professional counselors); 37-24-311 (occupational therapists); 37-26-414 (naturopathic physicians); 37-27-325 (practice of direct-entry midwifery); 37-28-302 (respiratory care practitioners); 37-29-412 (practice of denturitry); 37-31-334 (practice of barbering, cosmetology, eleetrology, esthetics, and manicuring); 37-34-307 (clinical laboratory science practitioners); 37-35-302 (addiction counselors); 37-40-312 (sanitarians); 37-42-322 (water treatment plant operators); 37-43-312 (water well contractors); 37-47-344 (outfitters and guides); 37-50-342 (public accountants); 37-51-323 (real estate brokers and salespersons); 37-53-506 (timeshare sales); 37-60-411 (private investigators and patrol officers); 37-61-214,409 and 415 (attorneys at law); 37-65-322 (practice of architecture); 37-66-322 (practice of landscape architecture); 37-67-332 (engineers and land surveyors); 37-68-322 (electricians); 37-69-324 (plumbers); 37-72-102 (construction blasting); and 37-76-118 (athletic agents).

 The Preamble attached to Ch. 375, L. 1997, provides:
WHEREAS, the Legislature finds that the danger of recidivism posed by sexual and violent offenders and the protection of the public from these offenders is of paramount concern to government and the people; and
WHEREAS, the Legislature further finds that law enforcement agencies’ efforts to protect their communities, conduct investigations, and apprehend sexual and violent offenders is impaired by the lack of information about offenders who live within their jurisdictions; and
WHEREAS, the system of registering sexual and violent offenders provides law enforcement with information critical to preventing victimization and to resolving incidents of sexual or violent offenses promptly, including notification of the public when necessary to the continued protection of the community; and
WHEREAS, persons who have committed a sexual or violent offense have a reduced expectation of privacy because of the public’s interest in safety; and
WHEREAS, the Legislature finds that releasing information about sexual or violent offenders to law enforcement agencies and, under certain circumstances, providing access to limited information about certain sexual offenders to the general public will further the primary governmental interest of protecting specific vulnerable groups and the public in general from potential harm.
THEREFORE, it is the policy of the State of Montana to assist local law enforcement agencies’ efforts in protecting their communities by requiring that sexual or violent offenders register and to authorize the release of necessary and relevant information about sex offenders to the public.

 Since the trial courts and this Court simply presume that § 46-23-507, MCA, imposes a criminal sanction, it is inevitable now that this section, perhaps the whole Act, and our decision in Mount will be subject to further constitutional challenge. For example, two defendants, both sexual offenders, are required, but fail to register under the Act. Both have committed other, similar felonies within five years of their failure to register. Defendant Smith appears before Judge Softouch and the Judge, exercising his discretion, imposes no sentence whatsoever for Smith’s failure to register. Defendant Jones appears before Judge Hardball and the Judge, exercising his discretion, imposes a term of imprisonment of five years and a $10,000.00 fine for failing to register, and an additional term of 60 years and a fine of $10,000.00 under the persistent felony offender statute. We have, thus, effectively created a crime-failure to register-which maybe severely punished, lightly punished, or punished not at all in the sole discretion of the sentencing judge. One is reminded of the umpire’s response when asked how he could tell a ball from a strike. He replied, “Balls or strikes; strikes or balls. They ain’t nothing, ‘til I call 'em.” The same is true here. Failure to register can be a felony or a misdemeanor or nothing at all. It all depends on how the judge calls it.